IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **MARY E. BAKEWELL,** | 07-CV-1295-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **MICHAEL J. ASTRUE,**<br>**Commissioner of Social**<br>**Security,** | |
| Defendant. | |

**TIM WILBORN**
2020-C SW 8th Avenue, PMB #294
West Linn, Oregon  97068
(503) 697-7019

    Attorney for Plaintiff

**DWIGHT C. HOLTON**

1  -  OPINION AND ORDER

United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**KATHRYN A. MILLER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2240

>Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Mary E. Bakewell's Application for Fees (#26) in which she seeks $50,610.00 in attorneys' fees and $69.62 in costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

For the reasons that follow, the Court **DENIES in part** and **GRANTS in part** Plaintiff's request for **$12,437.46** in attorneys' fees and **$69.62** in costs pursuant to the EAJA.

## BACKGROUND

Plaintiff filed her application for Disability Insurance Benefits (DIB) on March 6, 2003.  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on November 2, 2005.  Plaintiff was

represented by an attorney.

On June 26, 2006, the ALJ issued a decision in which he found Plaintiff is not disabled and, therefore, is not entitled to Social Security benefits.  In his decision denying benefits to Plaintiff, the ALJ found, *inter alia*, that Plaintiff's migraines are not a severe impairment because they are controlled effectively with medication and that Plaintiff's limitations on the use of her right hand are limited to the inability to use a keyboard.  On July 5, 2007, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

This Court reviewed the Commissioner's denial of benefits pursuant to its authority under 42 U.S.C. § 1383(c).  After reviewing the record, the Court upheld the decision of the Commissioner on September 17, 2008, and dismissed this matter.

On November 17, 2008, Plaintiff appealed to the Ninth Circuit Court of Appeals.  Upon *de novo* review, the Ninth Circuit reversed this Court's decision and remanded the matter for further administrative review on the basis that the ALJ "ignored" the opinion of examining physician, Dan Roberts, M.D., and the ALJ found, without the support of substantial evidence in the record, that Plaintiff's migraines are not severe and do not limit her ability to do basic work.

On April 19, 2010, Plaintiff filed her opposed request for

attorneys' fees pursuant to EAJA in this Court. On June 9, 2010, the Court took Plaintiff's Motion under advisement.

## **STANDARDS**

Under EAJA the Court may award attorneys' fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorneys' fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially

4 - OPINION AND ORDER

justified.  *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002).  The Commissioner's positions are substantially justified if they are reasonably based both in law and fact.  *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).  The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness.  *U.S. v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

Under EAJA the hourly rate for attorneys' fees is capped at $125.00, but the statute allows the Court to make adjustments for cost of living or other appropriate "special factor[s]."  28 U.S.C. § 2412(d)(2)(A).  If the government acts in bad faith, however, fees may be awarded at the market rate rather than at the EAJA-mandated rate.  28 U.S.C. §§ 2412(b), (c).  *See also Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990)("The district court may award attorney fees at market rates for the entire course of litigation . . . if it finds that the fees incurred during the various phases of litigation are in some way traceable to the Secretary's bad faith.").  The "bad faith exception is 'a narrow one,' typically invoked in cases of 'vexatious, wanton, or oppressive conduct.'"  *Id.* at 495 (quoting *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987), and citing *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116 (1979)).  The bad faith exception "is punitive, and the

penalty can be imposed 'only in exceptional cases and for dominating reasons of justice.'" *Beaudry Motor Co. v. Abko Prop. Inc.*, 780 F.2d 751, 756 (9th Cir. 1986)(quoting *United States v. Standard Oil Co.*, 603 F.2d 100, 103 (9th Cir. 1979)).

## **DISCUSSION**

As noted, Plaintiff seeks $50,610.00 in attorneys' fees and $69.62 in costs. Plaintiff's counsel seeks compensation of $700 per hour for 72.30 total hours expended on the ground that the government's opposition to Plaintiff's request for Social Security benefits was made in bad faith. Absent a finding of bad faith, Plaintiff seeks a total of $12,437.42 in fees at $166.46 per hour for 5.9 hours expended in 2007, $172.85 per hour for 30.5 hours expended in 2008, and $172.24 per hour for 35.9 hours expended in 2009 and 2010 to prosecute this matter.

Plaintiff contends she is entitled to attorneys' fees because the government's positions were without substantial justification and were, in fact, made in bad faith with respect to (1) the government's assertion that the ALJ properly considered and accounted for the opinion of Dr. Roberts as to Plaintiff's limitations on the use of her right hand and (2) the government's argument that the record reflected Plaintiff's migraines were well-controlled by medication and did not constitute a severe impairment.

6 - OPINION AND ORDER

Defendant contends its positions were taken in good faith and with substantial justification.

## I. Substantial Justification.

Plaintiff contends the government's position with respect to Dr. Roberts's opinion was not substantially justified. Dr. Roberts, an examining physician, stated in his report that Plaintiff had, *inter alia*, limitations on the use of her right hand including the inability to repetitively use her right hand for more than five to ten minutes at a time or to repetitively use a keyboard. Tr. 218. In his description of Plaintiff's Residual Functional Capacity (RFC), the ALJ included Plaintiff's limitations in using a keyboard but did not include the additional limitation of Plaintiff's use of her right hand. Tr. 24. In response to Plaintiff's brief in support of her challenge of the ALJ's decision, the government argued the ALJ's inclusion of the limitation on Plaintiff's use of a keyboard necessarily included a limitation on repetitive use of her hand.

In its *de novo* appellate review, the Ninth Circuit concluded the ALJ ignored Dr. Roberts's opinion entirely and did not provide specific and legitimate reasons for rejecting his assessment of Plaintiff's limitations.

In light of the Ninth Circuit's conclusion, the Court finds the government's position that the ALJ properly included all of the limitations set out in Dr. Roberts's opinion by his inclusion

of a limitation on Plaintiff's use of a keyboard was without substantial justification.

The Court, therefore, need not address Plaintiff's second contention that, notwithstanding this Court's analysis of the ALJ's conclusion which was reversed by the Ninth Circuit, the government's position regarding the effectiveness of Plaintiff's medication at controlling her migraine headaches was without substantial justification. *See Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007)("[T]he government must show that *all* of these positions were substantially justified in order to avoid an award of EAJA fees.")(emphasis added).

## II. Bad Faith.

The Court, nonetheless, must resolve the Plaintiff's contention that the government acted in bad faith when it took its positions with respect to the level of control her medication provided for her migraines and the opinion of Dr. Roberts. In her Memorandum in Support of Plaintiff's Application for Fees and in her Reply, Plaintiff does not offer any direct evidence of bad faith but merely asserts the government took positions based on "intentional factual distortions," which "appear to have been made as an intentional misdeed, a moral offense, and a wrongdoing" in light of the alleged absence of evidence in the record to support its positions. Mem. at 5; Reply at 7.

The Court does not find any direct evidence in this record

that the government acted in bad faith and does not find the inferences of bad faith suggested by Plaintiff to be valid. Although the Court has concluded the government's position with respect to Dr. Roberts's opinion was not substantially justified, the Court does not find the government's position lacked any justification at all. The government had some basis in the record for arguing that the ALJ did not err because the ALJ credited Dr. Roberts's opinion as to Plaintiff's limitation on keyboarding and relied on the opinion of Plaintiff's treating physician as to Plaintiff's limitations on the repetitive use of her right hand. Tr. 24-25, 218, 379-84. The Court also finds the government had some basis in the record for its position that Plaintiff's migraines are well-controlled by her medication. Tr. 251, 258, 443, 463-64, 469, 473, 518, 525.

Accordingly, the Court concludes Plaintiff did not meet its burden to prove the positions the government took in this matter were vexatious, were "intentional factual distortions," or were otherwise intended to oppress Plaintiff or to cause her unnecessary delay in receiving benefits. Thus, the Court declines to award EAJA fees that exceed the EAJA-mandated rate based on bad faith on the part of the government.

**III. Reasonableness of Plaintiff's Attorneys' Fee Request.**

As noted, absent an award of the "bad faith rate," Plaintiff seeks a total of $12,437.42 in fees at $166.46 per hour for 5.9

9 - OPINION AND ORDER

hours expended in 2007, $172.85 per hour for 30.5 hours expended in 2008, and $172.24 per hour for 35.9 hours expended in 2009 and 2010.  The Commissioner does not object to these hourly rates, and the Court notes the rates are within the statutory cap on hourly rates provided for under the EAJA.  The Commissioner also does not object to the number of hours for which fees are sought.

The Court notes other courts have concluded a similar number of hours is reasonable.  *See, e.g., Johnson v. Astrue*, No. 07-CV-2387, 2008 WL 3984599, at *2 (N.D. Cal. Aug. 27, 2008)(57 hours reasonable); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004)(61.1 hours reasonable).  Here Plaintiff had to litigate the matter through appeal to secure the beneficial result of a remand from the Ninth Circuit.  The Court, therefore, concludes in light of the length of the litigation, the successful efforts by Plaintiff's attorney on behalf of Plaintiff, and Plaintiff's submissions in support of her Application for Fees, Plaintiff's request for attorneys' fees and costs is reasonable at the EAJA-mandated rates.

Accordingly, the Court awards Plaintiff a total of $12,437.46 in attorneys' fees and $69.62 in costs pursuant to the EAJA.

## **CONCLUSION**

For these reasons, the Court **DENIES in part** Plaintiff's request to the extent it is based on any bad faith on the part of the government and **GRANTS in part** Plaintiff's request for **$12,437.46** in attorneys' fees and **$69.62** in costs pursuant to the EAJA.

IT IS SO ORDERED.

DATED this 8th day of September, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District